Requestor: Hon. Thomas Sobol, Commissioner New York State Education Department Education Building Albany, New York 12234
Written by: Robert Abrams, Attorney General
Your counsel has requested our opinion as to whether licensed nurse practitioners in New York State are authorized to prescribe controlled substances. The United States Drug Enforcement Administration ("DEA"), which bears responsibility for registering individuals who are authorized to prescribe controlled substances, has inquired whether under New York law nurse practitioners have plenary authority to prescribe such drugs. The extent of the nurse practitioners' authority determines whether DEA will issue them individual registration numbers or require them to use a collaborating physician's registration number with an identifying code.
Education Law § 6902(3) was enacted to confer general authority for the expanded practice of nursing by registered nurses who have obtained additional training and qualify for certification as nurse practitioners. It authorizes nurse practitioners to perform additional health services, beyond those performed by registered professional nurses, in collaboration with a physician pursuant to a practice agreement and protocols. The statute provides in part:
 The practice of registered professional nursing by a nurse practitioner, certified under section six thousand nine hundred ten of this article, may include the diagnosis of illness and physical conditions and the performance of therapeutic and corrective measures within a specialty area of practice, in collaboration with a licensed physician qualified to collaborate in the specialty involved, provided such services are performed in accordance with a written practice agreement and written practice protocols. The written practice agreement shall include explicit provisions for the resolution of any disagreement between the collaborating physician and the nurse practitioner regarding a matter of diagnosis or treatment that is within the scope of practice of both. To the extent the practice agreement does not so provide, then the collaborating physician's diagnosis or treatment shall prevail.
Education Law § 6902(3)(a).
Nurse practitioners' authority to prescribe drugs is delineated in the next section, which states:
 Prescriptions for drugs, devices and immunizing agents may be issued by a nurse practitioner, under this subdivision and section six thousand nine hundred ten of this article, in accordance with the practice agreement and practice protocols. The nurse practitioner shall obtain a certificate from the department upon successfully completing a program including an appropriate pharmacology component, or its equivalent, as established by the commissioner's regulations, prior to prescribing under this subdivision. The certificate issued under section six thousand nine hundred ten of this article shall state whether the nurse practitioner has successfully completed such a program or equivalent and is authorized to prescribe under this subdivision.
Education Law § 6902(3)(b).
The statute also provides:
 Each practice agreement shall provide for patient records review by the collaborating physician in a timely fashion but in no event less often than every three months. The names of the nurse practitioner and the collaborating physician shall be clearly posted in the practice setting of the nurse practitioner. Id., § 6902(3)(c).
The Commissioner of Education has promulgated regulations governing nurse practitioner practice. 8 NYCRR 64.4 et seq. The regulations specify the professional education requirements for certification as a nurse practitioner in New York State. They also provide that an individual's certificate will state whether prescriptive privileges have been granted. 8 NYCRR 64.4(a)(2). Under the regulations, an applicant who satisfies the certification requirements may be authorized to issue prescriptions after "completing instruction, satisfactory to the department, in New York State and federal laws and regulations relating to prescriptions and recordkeeping". 8 NYCRR 64.4(f).
Department regulations also govern the practice agreements and practice protocols between nurse practitioners and collaborating physicians. They provide:
 (b) Practice agreements shall include provisions for referral and consultation, coverage for emergency absences of either the nurse practitioner or collaborating physician, resolution of disagreements between the nurse practitioner and collaborating physician regarding matters of diagnosis and treatment, and the review of patient records at least every three months by the collaborating physician; and may include such other provisions as determined by the nurse practitioner and collaborating physician to be appropriate.
 (c) Protocols shall identify the area of practice to be performed by the nurse practitioner in collaboration with the physician and shall reflect accepted standards of nursing and medical practice. Protocols shall include provisions for case management, including diagnosis, treatment, and appropriate recordkeeping by the nurse practitioner; and may include such other provisions as are determined by the nurse practitioner and collaborating physician to be appropriate. Such protocols may be updated periodically.
 (d) The department in its discretion or upon request of a nurse practitioner or collaborating physician may review practice protocols for the purpose of insuring that they are in conformance with accepted medical and nursing practice and with the statutes and regulations governing the practice of medicine, nursing, and the prescribing of drugs, and may render an opinion which shall be binding upon the parties to the protocol . . .
. . .
 (f) In addition to the requirements of section 6810
of the Education Law, prescription forms used by nurse practitioners shall be printed with the name, nurse practitioner certificate number, office address, and office telephone number of the nurse practitioner.
8 NYCRR 64.5.
The Public Health Law provides that controlled substances may be prescribed by individuals defined as "practitioners", which includes persons licensed or otherwise permitted to prescribe controlled substances. Public Health Law § 3330. The Health Department's regulations specifically state that "practitioner" includes nurse practitioners certified by the Education Department. 10 NYCRR 80.1. The regulations are designed to provide specific authority to certified nurse practitioners to prescribe controlled substances. Those regulations further provide that prescriptions for controlled substances may be issued only by a practitioner who is "authorized to prescribe controlled substances pursuant to his licensed professional practice" and either registered under the Federal Controlled Substances Act or exempt from such registration. 10 NYCRR 80.64.
This statutory and regulatory framework vests a certified nurse practitioner with the authority to prescribe drugs, including controlled substances, "in accordance with the practice agreement and practice protocols" between that nurse practitioner and the collaborating physician. The authority to prescribe thus is not derived from the prescribing authority of a physician with whom the nurse practitioner collaborates. Neither the governing statute nor the regulations requires a physician to approve or counter-sign any prescription. The name of the physician is not required to appear on the prescription form.
We believe it is clear under State law that nurse practitioners certified to prescribe drugs have authority independently to prescribe drugs, including controlled substances. Such authority is to be exercised consistent with the terms of the practice agreement and protocols between the nurse practitioner and the collaborating physician. By law, the agreement and protocols set forth the collaborative relationship between the doctor and nurse practitioner. As to diagnosis and treatment, agreements must include provisions for referral and consultation and resolution of disagreements. Physician review of patient records must occur at least every three months. Protocols define the area of practice to be performed by the nurse practitioner. Protocols must be consistent with accepted medical and nursing practice and with statutes and regulations governing the practice of medicine, nursing and the prescribing of drugs. To the extent that the practice agreement and practice protocol provide for the prescribing of drugs by certified nurse practitioners, State law provides them with authority independently to prescribe drugs provided that they are either registered under the Federal Controlled Substance Act or exempt from such registration.
The determination whether DEA should register nurse practitioners individually or require them to use their collaborating physician's registration number is beyond the scope of this opinion. We have sought to present a comprehensive view of New York State law governing the authority of nurse practitioners to prescribe controlled substances.